IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DANIEL JAMES GUIDRY,                §
TDCJ #1308833,                      §
                                    §
            Petitioner,             §
                                    §
v.                                  §        CIVIL ACTION NO. H-07-2940
                                    §
NATHANIEL QUARTERMAN, Director,     §
Texas Department of Criminal Justice - §
Correctional Institutions Division, §
                                    §
            Respondent.             §

## MEMORANDUM AND ORDER

The petitioner, Daniel James Guidry, is an inmate incarcerated in the Texas
Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ").
Guidry has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 to
challenge a state court conviction.  The respondent has answered with a motion for summary
judgment, arguing that Guidry is not entitled to relief.  (Doc. # 11).  Guidry has filed a
response.  (Doc. # 15).  After considering all of the pleadings, the records, and the applicable
law, the Court grants the respondent's motion and dismisses this case for reasons that follow.

## I.     BACKGROUND AND PROCEDURAL HISTORY

A Texas grand jury returned an indictment against Guidry in cause number 1000231,
charging him with aggravated robbery with a deadly weapon, namely, a firearm.  The State
enhanced the indictment for purposes of punishment with allegations that Guidry had at least
one prior felony conviction for robbery.  A jury in the 232nd District Court of Harris County,

Texas, found Guidry guilty as charged of aggravated robbery with a deadly weapon.  The same jury sentenced Guidry to serve ninety-nine years in prison.

On direct appeal, Guidry argued that the trial court erred by admitting out-of-court and in-court identifications of him as one of the individuals who participated in the armed robbery of a local pawn shop.  Guidry maintained further that the evidence was insufficient to support his conviction.   The intermediate court of appeals rejected all of Guidry's arguments after making the following findings of fact based on the evidence at trial:

## I.  Background

Willie Williams, assistant manager of EZ Pawn, and Tomesha Moon, an employee, opened the store on May 14, 2004.  Just before 10:00 a.m. [Guidry] came into the store carrying a microwave.  He set the microwave on the counter and, a short time later, pulled a gun out of the microwave and pointed it at everyone.[1]  Someone told them to get on the floor.  [Guidry] wore no bandana or mask to hide his face. As many as three others participated in the robbery.  Cash in the amount of $2,321.00 was taken from two registers and the safe, and jewelry valued at $295,072.00 was taken from the store.  EZ Pawn's surveillance video of the time in question was admitted as State's exhibit number 10.

Three out-of-court pretrial identifications of [Guidry] were made, two from a videotaped lineup and one from a live lineup.  The videotape was admitted as State's exhibit 40.[2]  At trial, four witnesses, including those who had identified [Guidry] pre-trial, testified that [Guidry] was one of the persons who participated in the robbery.

*Guidry v. State*, No. 13-05-00469-CR, 2006 WL 2025142, *1 (Tex. App. — Corpus Christi July 20, 2006) (footnotes [renumbered] in original).  After the court of appeals affirmed

---

[1]     Moon described the gun as a "mini-machine gun."

[2]     State's exhibit 40 is a videotaped recording of two lineups, one lineup included [Guidry] and the second included a co-defendant.

Guidry's conviction, the Texas Court of Criminal Appeals refused his petition for discretionary review.

Guidry challenged his conviction further by filing a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure.  In several related claims, Guidry argued that his warrantless arrest was illegal and that his conviction was wrongfully obtained as the result of an unconstitutional search and seizure.  Guidry also complained that he was denied effective assistance of counsel on direct appeal because his attorney did not advise him of the appellate court's decision affirming the conviction or notify him of his right to file a petition for discretionary review. Guidry argued further that the evidence against him was insufficient. The state habeas corpus court, which also presided over the trial, entered findings of fact and concluded that Guidry was not entitled to relief.  The Texas Court of Criminal Appeals agreed and denied relief based on findings and conclusions of law made by the trial court.  *See Ex parte Guidry*, No. 61,879-01 (Tex. Crim. App. May 30, 2007).

Guidry now seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge his state court conviction.  He raises essentially the same claims that he presented in state court.[3]  The respondent has filed a motion for summary judgment, arguing that Guidry is not

---

[3]     Guidry attempted to raise a new claim that his appellate attorney was deficient for failing to raise his Fourth Amendment claims on direct appeal.  Guidry concedes that he did not raise this ineffective-assistance claim in state court. (Doc. # 1, at ¶ 22).  The respondent notes that the claim is unexhausted and therefore barred by the doctrine of procedural default.  Doc. # 11, at 6).  Guidry concedes that this claim is procedurally barred and he has withdrawn this ineffective-assistance claim.  (Doc. # 15, at 2).

entitled to relief on any of his claims under the governing federal habeas corpus standard of review set forth below.

## II.    STANDARD OF REVIEW

Federal review of the pending habeas corpus petition is subject to the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding that the AEDPA applies to those habeas corpus petitions filed after its effective date of April 24, 1996). Embodying the principles of federalism, comity, and finality of judgments, the AEDPA "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000), *cert. denied*, 532 U.S. 1067 (2001). Specifically, the federal habeas corpus statutes amended by the AEDPA, codified at 28 U.S.C. § 2254(d), set forth a "highly deferential standard for evaluating state-court rulings, . . . , which demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation omitted).

The federal habeas corpus statutes require applicants for relief to first present their claims in state court and to exhaust all state court remedies through proper adjudication. *See* 28 U.S.C. § 2254(b). To the extent that the petitioner's claims were adjudicated on the merits in state court, the AEDPA standard applies. If a claim has not been adjudicated on the merits in state court, federal review is procedurally barred if the last state court to consider the claim expressly and unambiguously based its denial of relief on a state procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Amos v. Scott*, 61

F.3d 333, 338 (5th Cir.), *cert. denied*, 516 U.S. 1005 (1995).  The procedural default rule also prevents habeas review when a petitioner has failed to meet state procedural requirements for presenting his federal claims, thereby depriving the state courts of an opportunity to address those claims in the first instance.  *See Coleman*, 501 U.S. at 730; *Rosales v. Dretke*, 444 F.3d 703, 707 (5th Cir. 2006) (noting that the procedural default rule prevents habeas petitions from avoiding the exhaustion requirement by defaulting their federal claims in state court).

For claims adjudicated on the merits, the AEDPA provides that a petitioner is not entitled to relief unless the state court's ultimate decision:

(1)     was contrary to, or involved an unreasonable application of,
        clearly established Federal law, as determined by the Supreme
        Court of the United States; or

(2)     was based on an unreasonable determination of the facts in light
        of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2);  *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (observing that the AEDPA standard is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning") (citation omitted), *cert. denied*, 535 U.S. 982 (2002). The burden is on the petitioner to show that he is entitled to relief under the highly deferential AEDPA framework.  *See DiLosa v. Cain*, 279 F.3d 259, 262 (5th Cir. 2002).

Claims presenting pure questions of law and mixed questions of law and fact are governed by § 2254(d)(1).  *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir.), *cert. denied*,

534 U.S. 885 (2001). The Supreme Court has clarified that "clearly established Federal law" or precedent for purposes of § 2254(d)(1) "refers to the holdings, as opposed to the dicta," of decisions from the United States Supreme Court "as of the time of the relevant state-court decision." *Carey v. Musladin*, 539 U.S. 70, 127 S. Ct. 649, 653 (2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). A state court decision is "contrary to" clearly established precedent if the state court arrives at a conclusion opposite to one reached by the Supreme Court on a question of law or if the state court decides a case differently from the Supreme Court "on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13. A state court decision is an "unreasonable application" of clearly established precedent if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the petitioner's case. *Id.*

Pure questions of fact are governed by § 2254(d)(2). *See Martin*, 246 F.3d at 475. In addition, a state court's factual findings are entitled to deference on federal habeas corpus review and are presumed correct under 28 U.S.C. § 2254(e)(1), unless the petitioner rebuts those findings with "clear and convincing evidence." *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citing *Hughes v. Dretke*, 412 F.3d 582, 589 (5th Cir. 2005) and 28 U.S.C. § 2254(e)(1)). This deference extends not only to express findings of fact, but to the implicit findings of the state court as well. *Garcia*, 454 F.3d at 444-45 (citing *Summers v. Dretke*, 431 F.3d 861, 876 (5th Cir. 2005); *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004)). The petitioner's claims for relief are examined below under the applicable legal standard.

6

III.    **DISCUSSION**

A.      **Fourth Amendment Claims**

In several related claims, Guidry argues that he is entitled to relief because his arrest was illegal and his conviction was obtained with evidence, namely, his identification, that was seized pursuant to a search that violated the Fourth Amendment to the United States Constitution.  The state habeas corpus court rejected these claims for procedural reasons, finding that the claims were "not cognizable" on collateral review.  *Ex parte Guidry*, No. 61,879-03 at 19 (citing *Ex parte Kirby*, 492 S.W.2d 579, 580-81 (Tex. Crim. App. 1973)). The respondent argues that, to the extent that Guidry challenges his arrest and a search or seizure on Fourth Amendment grounds, federal habeas corpus review is precluded by the Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465 (1976).

In *Stone v. Powell*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id*. at 494.  The Fifth Circuit has since interpreted an "opportunity for full and fair litigation" to mean just that: "an opportunity." *Janecka v. Cockrell*,  301 F.3d 316, 320 (5th Cir. 2002) (citing *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978)), *cert. denied*, 537 U.S. 1196 (2003). "If a state provides the processes whereby a defendant can obtain full and fair litigation of a [F]ourth [A]mendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Id*.

7

Texas law affords a criminal defendant the opportunity to challenge his arrest, or the propriety of a search and seizure. The record shows that Guidry's counsel filed a motion to suppress evidence on the grounds that Guidry's identification was the fruit of an illegal arrest, search, or seizure in violation of the Fourth and Fourteenth Amendment to the United States Constitution and Texas law. *See Clerk's Record*, Cause No. 1000231, at 23. The trial court denied the motion following a hearing . *See Court Reporter's Record*, May 31, 2005, at 51-140. Guidry also attempted to litigate his Fourth Amendment claims on state habeas corpus review. Although his Fourth Amendment claims were held "not cognizable" on collateral review, the record confirms that he was afforded sufficient opportunity for review of his claims at the state level. This review is sufficient to trigger the *Stone* bar. *See Janecka*, 301 F.3d at 320; *see also Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006) ("absent a showing that . . . Texas courts systematically and erroneously apply the state procedural bar rule to prevent adjudication of Fourth Amendment claims," the *Stone* bar obtains). Therefore, the petitioner's Fourth Amendment claims are precluded from federal habeas review. Because Guidry is not entitled to relief, the respondent is entitled to summary judgment on this issue.

### B.     Ineffective Assistance of Counsel on Appeal

Guidry complains that he was denied his constitutional right to effective assistance of counsel on appeal. The Fourteenth Amendment to the United States Constitution guarantees a criminal appellant the right to counsel in his first appeal of right. *See Evitts v.*

8

*Lucey*, 469 U.S. 387 (1985); *Douglas v. California*, 372 U.S. 353 (1963).  The right to counsel, where present, also entails "the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970).  "'Persons convicted of a crime are entitled to receive effective assistance of counsel in their first appeal of right,' but counsel is not required to raise every nonfrivolous issue." *Givens v. Cockrell*, 265 F.3d 306, 310 (5th Cir. 2001) (quotation omitted).  The right to counsel on appeal "does not include the right to bring a frivolous appeal and, concomitantly, does not include the right to counsel for bringing a frivolous appeal." *Smith v. Robbins*, 528 U.S. 259, 278 (2000).

A habeas corpus petitioner who claims that he was denied the right to effective assistance of counsel on appeal must satisfy both of the following elements by showing (1) that his counsel's performance was deficient, and (2) that counsel's deficient performance resulted in actual prejudice.  *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Amador v. Quarterman*, 458 F.3d 397, 410 (5th Cir. 2006), *cert. denied*, — U.S. —, 127 S. Ct. 2129 (2007).  Because there is no right to appellate counsel in the absence of a nonfrivolous issue for appeal, a petitioner challenging the effectiveness of his appellate attorney must demonstrate deficient performance by showing that his counsel "was objectively unreasonable in failing to find arguable issues to appeal — that is, that counsel unreasonably failed to discover non-frivolous issues and raise them." *Robbins*, 528 U.S. at 285.  If the petitioner succeeds in such a showing, then he must establish actual prejudice by demonstrating a "reasonable probability" that, but for his counsel's deficient performance, "he would have prevailed on his appeal." *Id.*

Guidry complains that his appellate attorney was deficient for failing to notify him that the court of appeals affirmed his conviction or to advise him of his right to appeal further by filing a petition for discretionary review. The state habeas corpus court rejected this claim on state habeas corpus review. *See Ex parte Guidry,* No. 61,879-03 at 19. Specifically, the state court concluded that Guidry "fail[ed] to show that he was denied effective assistance of counsel on appeal or that he was denied his right to file a petition for discretionary review to the Court of Criminal Appeals." *Id.* (citing *Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997); *Ex parte Jarrett*, 891 S.W.2d 935 (Tex. Crim. App. 1995)). The state habeas corpus court concluded further that Guidry failed to otherwise show that his appellate counsel's conduct "fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different." *Id.* at 19 (citing *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting the *Strickland* standard in Texas); and *Narvaiz v. State*, 840 S.W.2d 415, 434 (Tex. Crim. App. 1992) (defining the two-part *Strickland* standard)).

The record supports the state court's findings in this instance. In that respect, the record confirms that appellate counsel filed a lengthy petition for discretionary review on Guidry's behalf. The Texas Court of Criminal Appeals refused that petition on October 18, 2006. *See Guidry v. State*, No. 1304-06. Guidry does not demonstrate that he was denied

10

the opportunity to file a petition for discretionary review.[4]  Likewise, Guidry does not allege or show that his appellate attorney failed to raise a non-frivolous issue in the petition for discretionary review or that the outcome of this proceeding would have been any different. Thus, Guidry fails to establish deficient performance or actual prejudice on his appellate counsel's part.

Absent a showing that counsel was deficient, or that he suffered actual prejudice as a result, Guidry fails to establish a claim for ineffective assistance of counsel in connection with his attorney's alleged failure to notify him that his conviction was affirmed, or to advise him of his right to file a petition for discretionary review. Guidry does not otherwise establish that the state court's decision was contrary to or involved an unreasonable application of clearly established Supreme Court precedent.  Therefore, he is not entitled to federal habeas corpus relief on this issue.

## C.    Identification

Guidry complains that the trial court erred by failing to suppress his out-of-court and in-court identification by State witnesses.  Guidry argues that his out-of-court identification

---

[4]     Where counsel has failed to advise a defendant that his appeal has been affirmed, thereby preventing the defendant from filing a timely petition for discretionary review, the remedy in Texas is to grant leave to file an out-of-time petition for discretionary review.  *See, e.g., Smith v. Johnson*, 216 F.3d 521, 522 (5th Cir. 2000) (noting that the Texas Court of Criminal Appeals granted relief on this issue by allowing the petitioner leave to file an out-of-time PDR).  Guidry does not allege that the petition for discretionary review filed by his counsel was deficient in any way or that he was denied effective assistance during that proceeding.

should have been suppressed because his arrest was illegal.  Guidry alleges further that his

in-court identification should have been suppressed because it was tainted by a suggestive

pre-trial lineup procedure.  The respondent argues that Guidry has failed to brief this claim

adequately and that he fails to show that he is entitled to relief on these claims.

In affirming the conviction, the appellate court rejected Guidry's claims that his out-

of-court and in-court identifications were tainted by unduly suggestive and constitutionally

defective identification procedures:

### A. Standard of Review

When we review a trial court's denial of a motion to suppress regarding identification testimony, as in this case, we are presented with a mixed question of law and fact, and therefore our review is *de novo*.  *Loserth v. State*, 963 S.W.2d 770, 773 (Tex. Crim. App. 1998) (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. 1997)). When reviewing a trial court's ruling on the admissibility of an identification which has been attacked as the product of an impermissibly suggestive pretrial identification procedure, the test is whether, considering the totality of circumstances, "the . . . identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Id*. at 772; *Palma v. State*, 76 S.W.3d 638, 643 (Tex. App. — Corpus Christi 2002, pet. ref'd). The goal of the review is to determine the reliability of the identification procedure. *See Loserth*, 963 S.W.2d at 772.

The following five non-exclusive factors should be "weighed against the corrupting effect of any suggestive identification procedure in assessing reliability under the totality of circumstances": (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty demonstrated by the witness at confrontation; and (5) the length of time between the crime and the confrontation. *Palma*, 76 S.W.3d at 643 (citing *Neil v. Biggers*, 409 U.S. 188, 199, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972)). The application of the factors, and thus, the "ultimate conclusions as to whether the facts as found state a constitutional violation, is a mixed question of law and fact." *Id*. at 773. Therefore, we review the trial court's

application of the factors *de novo*. *Id*. at 773-74; *Burkett v. State*, 127 S.W.3d 83, 86 (Tex. App. — Houston [1st Dist .] 2003, no pet.). When a trial court does not make express findings of historical facts, the facts are viewed in a light favorable to the court's ruling. *Loserth*, 963 S.W.2d at 774. However, it is only after a reviewing court has determined that the procedures were impermissibly suggestive that it need consider the factors enumerated in *Biggers* to determine whether the reliability of the identification was affected. *Burkett*, 127 S.W.3d at 86-87.

## B. Analysis

[Guidry's] challenge to the pretrial lineup is based on discrepancies in the weight of [Guidry] and the other individuals in the lineup. During the lineup, [Guidry] stated his weight to be 140 pounds. The weights of the other individuals in the lineup were stated as 160, 195, 184, and 200 pounds. Although [Guidry] was the thinnest man in the lineup, the weight of all individuals in the lineup was within a sixty pound range.

Review of the videotaped lineup reflects that all men were dressed in civilian clothes, had similar physical characteristics and were around the same age. Additionally, all men had a similar complexion, similar dark hair color, and wore their hair in a similar fashion. *See Tell v. State*, 908 S.W.2d 535, 539 (Tex. App.— Fort Worth 1995, no pet.) (providing that despite "some differences in weight, height and complexion," none of the men pictured differed unreasonably from the description of the suspect, and the defendant did not stand out as "distinctively different" from the other men). The weight of [Guidry] and the other members of the lineup were not so distinctly different as to make the identification procedure impermissibly suggestive. *See Buxton v. State*, 699 S.W.2d 212, 216 (Tex. Crim. App. 1985) (describing a lineup that included men of various heights, weights, and skin colors, the court concluded that "[w]hile the better practice may be to get as many individuals as possible who fit the defendant's description, it is not essential that all the individuals be identical"); *Miller v. State*, 846 S.W.2d 365, 367 (Tex. App. — Houston [14th Dist.] 1992, no pet.) (describing a lineup that was not impermissibly suggestive where weight of suspects ranged from 150 pounds to 300 pounds). "Neither due process nor common sense requires such exactitude." *Buxton*, 699 S.W.2d at 216 (quoting *Herrera v. State*, 682 S.W.2d 313, 319 (Tex. Crim. App.1984)). "Although the individuals need not be identical in appearance to the defendant, their similarities in appearance should provide a reasonable test for the witness's capacity to reliably identify the perpetrator." *Cienfegos v. State*, 113 S.W.3d 481, 492 (Tex. App. — Houston

[1st Dist.] 1993, pet. ref'd); *see Ford v. State*, 794 S.W.2d 863, 866 (Tex. App.— El Paso 1990, pet. ref'd).

Furthermore, the record shows that none of the witnesses were told that a suspect was included in the lineup.  Manager Williams, employee Moon, and Annabelle Garcia were present in the store at the time of the robbery and were able to identify [Guidry] before trial, independent of suggestions from law enforcement. *See, e.g., Barley v. State*, 906 S.W.2d 27, 33 (Tex. Crim. App. 1995) (en banc) (setting out that suggestiveness of pretrial identification procedure may be created by police suggesting that the suspect is included in a photo array).

Considering the totality of circumstances, we conclude that the out-of-court identification procedure was not so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification. *See Loserth*, 963 S.W.2d at 772; *Palma*, 76 S.W.3d at 643.  Thus, the trial court did not err in admitting the in-court identification testimony. Having concluded that the pretrial procedure was not impermissibly suggestive, we need not consider the factors enumerated in *Biggers* to determine whether the reliability of the identification was affected. *See Burkett*, 127 S.W.3d at 86-87.

*Guidry v. State*, No. 13-05-00469-CR, 2006 WL 2025142, *1–*3 (Tex. App. — Corpus Christi July 20, 2006, pet. ref'd) (rejecting seven points of error raised by Guidry regarding his identification as the perpetrator).

The Due Process Clause prohibits identification testimony at trial that derives from impermissibly suggestive procedures, which may lead in turn to an irreparably mistaken identification.  *See Stovall v Denno*, 388 U.S. 293, 302 (1967).  For example, a conviction based on an eyewitness identification at trial following a pretrial photographic identification may be set aside "if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384 (1968).  Likewise, an identification obtained

14

by an unduly suggestive line-up may be excluded if, based on the totality of circumstances, there is a likelihood that a misidentification has resulted.  *Neil v. Biggers*, 409 U.S. 188, 198 (1972).

Guidry does not allege any specific facts showing that his pretrial identification procedure was unduly suggestive or that the appellate court's decision was unreasonable under the circumstances.  His conclusory allegations are insufficient to raise a constitutional issue on collateral review.  *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").  Guidry further fails to demonstrate that the state court's decision to reject his claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. Accordingly, Guidry is not entitled to a federal writ of habeas corpus on this issue.

D.     **Sufficiency of the Evidence**

Guidry complains that the evidence was legally insufficient to support his conviction because the witnesses against him were not credible and because the police used unduly suggestive procedures to obtain his identification.  Noting that similar arguments were raised and rejected on Guidry's direct appeal, the respondent argues that this claim does not merit a federal writ of habeas corpus.

On federal habeas corpus review, the evidentiary sufficiency of a state court conviction is governed by the legal standard found in *Jackson v. Virginia*, 443 U.S. 307 (1979).  *See Ramirez v. Dretke*, 398 F.3d 691, 694 (5th Cir.) (citation omitted), *cert. denied*,

546 U.S. 831 (2005).  This standard requires only that a reviewing court determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319.  In conducting that review, a federal habeas corpus court may not substitute its view of the evidence for that of the fact finder, but must consider all of the evidence in the light most favorable to the prosecution.  *See Weeks v. Scott*, 55 F.3d 1059, 1061 (5th Cir. 1995).  "Where a state appellate court has conducted a thoughtful review of the evidence, moreover, its determination is entitled to great deference." *Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993), *cert. denied*, 510 U.S. 1141 (1994) (citation omitted).

Guidry was convicted of the felony offense of aggravated robbery with a deadly weapon in violation of § 29.03 of the Texas Penal Code.  The facts underlying the offense, which involved the armed robbery of a local pawn shop, are set forth above.  The appellate court rejected Guidry's claim that the evidence was both factually and legally insufficient to support the conviction:

### III. Sufficiency of the Evidence

By his eighth and ninth points of error, [Guidry] challenges the legal and factual sufficiency of the evidence to support [Guidry's] conviction for aggravated robbery. Specifically, [Guidry] argues that the testimony of the State's witnesses was not credible because the pretrial identification procedure tainted the in-court identifications. He also asserts that the evidence is insufficient because there is a discrepancy in the testimony of Brenda Garza who was present at EZ Pawn on the day of the robbery.

### A. Standard of Review

16

When we review a legal sufficiency of the evidence point of error, we view all the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Rosillo v. State*, 953 S.W.2d 808, 811 (Tex. App. — Corpus Christi 1997, pet. ref'd). We measure the legal sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

The jury is the sole judge of the facts, the credibility of the witnesses, and the weight to be given the evidence. *Beckham v. State*, 29 S.W.3d 148, 152 (Tex. App.— Houston [14th Dist.] 2000, pet. ref'd).  Therefore, the jury may believe all or part of any witness's testimony. *Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000) (en banc).  Reconciliation of any conflicts in the evidence falls within the exclusive province of the jury. *Id*. In conducting this review, the Court does not engage in a second evaluation of the weight and credibility of the evidence, but only ensures that the jury reached a rational decision. *Muniz v. State*, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993) (en banc). If there is evidence that establishes guilt beyond a reasonable doubt, and the trier of fact believes that evidence, the appellate court does not sit as a thirteenth juror in re-assessing the evidence. *See Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988) (en banc).

"There is only one question to be answered in a factual sufficiency review: Considering all of the evidence in a neutral light, was the jury rationally justified in finding guilt beyond a reasonable doubt?" *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). In determining whether the evidence is factually sufficient to support a conviction, we must review all the evidence without the traditional prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Reconciliation of conflicts and contradictions in the evidence is again within the province of the jury, and such conflicts will not call for reversal if there is enough credible testimony to support the conviction. *Bowden v. State*, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982). We also apply a hypothetically correct jury charge analytical construct in the context of a factual-sufficiency review. *Adi v. State*, 94 S.W.3d 124, 131 (Tex. App. — Corpus Christi 2002, pet. ref'd).

B. Analysis

[Guidry] was convicted of the felony offense of aggravated robbery. *See* TEX. PEN. CODE ANN. § 29.03 (Vernon 2005).  At trial, the State called four witnesses, Williams, Moon, Garza and Garcia.  All identified [Guidry] as one of the men who committed the robbery at EZ Pawn on May 14, 2004. Their testimony is corroborated by EZ Pawn's surveillance video taken on May 14, 2004. The video footage from camera six displays [Guidry] placing the microwave on a counter at EZ Pawn.  The footage shows [Guidry] opening the microwave and taking something out.  Fingerprint evidence taken from the microwave was found to be a positive match for [Guidry's] right middle finger.  [Guidry] is seen carrying a gun and guarding the front door of EZ Pawn in the video footage and in still photos taken from the video. Other segments of the video show how customers were forced to the ground, how the robbers emptied the cash registers, and how Williams was forced to open and empty the safe in the back office.

We have already concluded that the pre-trial lineup was not suggestive and did not lead to misidentification at trial.  Thus, [Guidry's] contention that the testimony of the State's witnesses was not credible because the pretrial identification procedure tainted the in-court identifications fails. Moreover, even if the identifications were admitted in error, this fact does not impact the sufficiency analysis. *See Bobo v. State*, 843 S.W.2d 572, 575-76 (Tex. Crim. App. 1992) (en banc) (providing that when evaluating the sufficiency of the evidence, the reviewing court must look at all the evidence, whether properly or improperly admitted).

[Guidry] also suggests the evidence is insufficient because there was a discrepancy in Garza's testimony.  At the identification hearing, Garza testified that she had identified [Guidry] at the pre-trial lineup. During trial, she testified that she was unable to identify him at the lineup, but she positively identified [Guidry] in court. The jury was not present during the identification hearing, thus, it did not hear the testimony about which [Guidry] complains. *See Sledge v. State*, 903 S.W.2d 105, 108 Tex. App.— Fort Worth 1995), *aff'd*, 953 S.W.2d 253 (1997) (en banc) (explaining that the sufficiency of the evidence is measured, not against statements in response to pretrial motion, but against the allegations contained in the indictment and the jury charge in a jury trial); *see also Miller v. State*, No. 01-87-0173-CR, 1988 Tex. App. LEXIS 1558, at *2, 1988 WL 69576 (Tex. App. — Houston [1st Dist.] June 30, 1988, pet. ref'd) (not designated for publication) (concluding that evidence was sufficient where victim identified defendant at trial but expressed uncertainty about identifying defendant at pre-trial hearing). Moreover, even if there were conflicting evidence regarding Garza's identification of [Guidry],

18

it was the jury's duty to reconcile any such conflicts. *See Margraves*, 34 S.W.3d at 919.

　　We conclude that the testimony summarized above, viewed in the light most favorable to the verdict, is sufficient to support a finding beyond a reasonable doubt that [Guidry] committed aggravated robbery. Further, the proof of guilt is not so obviously weak as to undermine confidence in the verdict, nor is it greatly outweighed by contrary proof. Therefore, giving due deference to the fact finder's determinations, we conclude the evidence is legally and factually sufficient to support [Guidry's] conviction for aggravated robbery. We overruled [Guidry's] eighth and ninth points of error.

*Guidry v. State*, No. 13-05-00469-CR, 2006 WL 2025142, *3–*5 (Tex. App. — Corpus Christi July 20, 2006, pet. ref'd).

　　To the extent that Guidry challenges the sufficiency of the evidence supporting his identification, an assessment of witness credibility is "beyond the scope of review" permitted by *Jackson v. Virginia*, 443 U.S. 307 (1979). *Schlup v. Delo*, 513 U.S. 298, 330 (1995) (discussing the standard for challenges to the legal sufficiency of the evidence under *Jackson v. Virginia*). As set forth above, the evidence is sufficient under the *Jackson* standard, if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. Under this standard, "[a]ll credibility choices and conflicting inferences are to be resolved in favor of the verdict." *Ramirez*, 398 F.3d at 695. Based on its independent review of the record, this Court concludes that a rational trier of fact could have found the essential elements of the offense charged beyond a reasonable doubt. Because Guidry fails to show that his conviction was supported by insufficient evidence in violation of the *Jackson v. Virginia* standard, he does not demonstrate that the state court's

decision to reject this claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.  Therefore, the respondent's motion for summary judgment on this issue is granted.  Because Guidry has failed to show that he is entitled to a federal writ of habeas corpus under 28 U.S.C. § 2254(d) on any of his claims, his petition must be denied.

## IV.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or,

for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For all of the reasons discussed above, the court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner stated a valid claim of the denial of a constitutional right. Therefore, a certificate of appealability will not issue.

## V.    CONCLUSION AND ORDER

Based on the foregoing, the court **ORDERS** as follows:

1.    The respondent's motion for summary judgment (Doc. # 11) and the respondent's motion to substitute counsel of record (Doc. # 14) are **GRANTED**.

2.    The petition for a writ of habeas corpus (Doc. # 1) is **DENIED**, and this case is **DISMISSED** with prejudice.

3.    A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

21

SIGNED at Houston, Texas, on  May 20th, 2008.

Nancy F. Atlas
United States District Judge